[No. 15091.   Department Two.   April 22, 1919.]

J. F. McNAMARA, *as Trustee of George Farnsworth,
Bankrupt, Appellant,* v. JENNIE FARNSWORTH
*et al., Respondents.*[1]

BANKRUPTCY (7, 8) — FRAUDULENT TRANSFERS—EVIDENCE—SUFFI-
CIENCY. The evidence is insufficient to show that a sale of notes and
obligations of a bankrupt to the wife and daughter-in-law of the
parties was fraudulent as to the bankrupt's creditors, where the
purchaser was in business on her own account, was a business
woman of unusual ability, dealt at arm's length with her relatives,
and testified she had no notice of a pending suit or of the condition
of the business, and purchased for value at no more than a reason-
able discount.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered July 2, 1918, dis-
missing on the merits, an action to set aside fraudu-
lent transfers by a bankrupt, after a trial to the court.
Affirmed.

*Cassius E. Gates* and *Nelson R. Anderson,* for ap-
pellant, contended, among other things, that the trans-
fer was attended by the most persuasive badges of
fraud.   20 Cyc. 447, 449, 451; 12 R. C. L. 485, 488-490,
537; *Allen v. Kane,* 79 Wash. 248, 140 Pac. 534.   The
transfer was fraudulent under state law and intent
need not be proved.   12 R. C. L. 592-595; 3 Remington,
Bankruptcy, p. 447; 14 Am. & Eng. Ency. Law (2d ed.),
p. 488; *O'Leary v. Duvall,* 10 Wash. 666, 39 Pac. 163;
*State v. Wappenstein,* 67 Wash. 502, 121 Pac. 989;
*Power v. Fuhrman,* 220 Fed. 787; *Robinson v. Rich-
ards,* 100 Wash. 655, 171 Pac. 1058.

Fraud may be proved by circumstantial evidence.
*Allen v. Kane, supra; Holt Mfg. Co. v. Thomas,* 69
Wash. 488, 125 Pac. 772; *State v. Raub,* 103 Wash. 214,

[1]Reported in 180 Pac. 466.

173 Pac. 1094; *Robinson v. Richards, supra; Blahnik v. Barta,* 130 Wis. 121, 109 N. W. 980.

The transfer was void under the bankruptcy act. 1 Remington, Bankruptcy, pp. 890, 891; Collier, Bankruptcy (11th ed. 1917), p. 1064; *Walbrun v. Babbitt,* 16 Wall. (83 U. S.) 577; *Dokken v. Page,* 147 Fed. 438; *In re Moody,* 134 Fed. 628; *In re Knoff,* 144 Fed. 245; *Parker v. Sherman,* 212 Fed. 917.

Insolvency alone is sufficient to convey notice to the purchaser under the bankruptcy act. Collier, Bankruptcy (11th ed. 1917), p. 1070; 7 C. J. 176, 177; *Dokken v. Page, supra.*

A purchaser is not in good faith who makes no efforts to determine whether one may make a transfer which will not be in violation of the act. *Lumpkin v. Foley,* 204 Fed. 372; *Id.,* 199 Fed. 315; *Houck v. Christy,* 152 Fed. 612; *Dokken v. Page, supra; Shauer v. Alterton,* 151 U. S. 607; *Harrell v. Beall,* 17 Wall. (84 U. S.) 590.

*Griffiths & McDowall,* for respondent Jennie B. Farnsworth, contended, among other things, that fraud was not established. 12 R. C. L. 540, 541; *Tuteur v. Chase & Co.,* 66 Miss. 476, 14 Am. St. 577, 4 L. R. A. 832; *Urdangen & Greenberg Bros. v. Doner,* 122 Iowa 533, 98 N. W. 317.

Proof of relationship is not alone sufficient to raise the presumption. 12 R. C. L. 488; *American Steel & Copper Plate Co. v. Bilter,* 200 Ill. App. 175; *Vogt v. Marshall-Wells Hardware Co.,* 88 Ore. 458, 172 Pac. 123.

Known insolvency or indebtedness does not affect the validity of the transfer or put upon inquiry as to the intent. 20 Cyc. 449, 484; 14 Am. & Eng. Ency. Law (2d ed.), p. 291; *Albertoli v. Branham,* 80 Cal. 631, 22 Pac. 404, 13 Am. St. 200; *Bentley v. Wells,* 61 Ill. 59, 14 Am. Rep. 53; *Sellers v. Hayes,* 163 Ind. 422,

72 N. E. 119; *Stewart v. English,* 6 Ind. 176; *Thompson v. Zuchmayer* (Iowa), 94 N. W. 476; *Willis v. Whitsitt,* 67 Tex. 673; 4 S. W. 253.

It is not a badge of fraud that the debtor conveyed away all his property. 20 Cyc. 450; *Preston v. Griffin,* 1 Conn. 393.

FULLERTON, J.—In this action the appellant sues as trustee in bankruptcy of the property of George Farnsworth, a bankrupt, to recover from the respondent certain commercial paper, transferred, it is alleged, to her in fraud of the bankrupt's creditors.

For some time prior to March, 1918, George Farnsworth was doing an automobile sale and repair business in the city of Seattle, under the name of Farnsworth Motor Company. On May 1, 1917, he was joined by his son, Merle Farnsworth, who became sales manager of the company, and was given authority to indorse and transfer its paper. The respondent is the wife of Merle. The business was a losing venture, and on February 17, 1918, the firm of Chanslor & Lyon brought an action against the Farnsworths, father and son, in which the appointment of a receiver was asked. The receiver was actually appointed in the action on March 4, 1918. Later George Farnsworth was adjudicated a bankrupt, and the present trustee succeeded to the rights of the receiver.

Subsequent to the commencement of the action mentioned and prior to the time the receiver took possession, George Farnsworth disposed of practically all of the assets of the business. The principal part of these assets went to one Wiggins. This transaction is, however, not in controversy here, further than it was introduced to show a general fraudulent scheme. On March 1, 1918, all of the office furniture was disposed of to one Craft for a consideration of $125, $100

of which was paid in cash and a note given for the remainder. Between the 1st and 4th of March, the repair shop and the tools and machinery therein was sold to Saunders & Warmoth, mechanics in charge of the shop, for $150, $75 of which was paid in cash and three notes of $25 each given for the balance of the purchase price. In the early part of the year 1918, the motor company sold a Hudson car to one Saunders, taking his note for $150 as part of the purchase price. Along about this time, the company made a deal with one Forest, in which Forest became indebted to it in the sum of $80; a deal with one Colvin, in which Colvin became indebted to it in the sum of $200; and a deal with one Fowler, in which Fowler became indebted to it in the sum of $374. These notes and obligations, aggregating $904.50, were purchased of the company by the respondent, and it is these that the trustee seeks to recover.

The appellant makes two principal contentions: first, that no actual consideration was paid by the respondent in consideration of the transfer of the paper to the respondent; and second, that she purchased it with knowledge of the fraudulent intent of Farnsworth to so dispose of his property as to place it beyond the reach of his creditors.

The evidence is clear, we think, that the respondent had abundant means of her own with which to make the purchases. She had been in various businesses prior to her marriage with Merle Farnsworth, in which she was more than usually successful, and at the time of her marriage was possessed of a considerable sum of money. Her marriage did not stop her activities in this respect. In the early part of the year 1917, while her husband was engaged with the motor company, she went to some point in Alaska,

purchased or started a business which she conducted during the summer, returning in the fall, as she testifies, with a considerable sum of money. That she had several hundred dollars at that time is shown by her banking account, and she testifies that, in addition to this, she had money in a safe deposit vault and always carried a considerable sum on her person; testifying in answer to counsel that she then had— that is, while testifying—more than a thousand dollars on her person. After her return from Alaska, she began buying and selling automobiles. Between the time of her return and the time of the transactions here in dispute, the testimony, apart from her own, shows that she purchased and sold at least five of such cars. Two of these she had repaired by the motor company, and sold by them; and three others she sold through one Craft, a salesman of the company, on each of which she made a small profit. The paper in question, she testifies, she purchased with her own funds for cash at no more than a reasonable discount, and we think the testimony, taken as a whole, corroborates rather than disputes her statements.

On the question of her knowledge of the fraudulent purpose of Farnsworth in disposing of the property, we think that the evidence preponderates in her favor also. While her relationship to the Farnsworth family and her dealings with them would, under the usual conditions, be strong circumstances tending to show such knowledge, the evidence makes it clear that here such circumstances are entitled to but little if any weight. She is a Pole of Jewish extraction, and by disposition and temperament was a misfit in the Farnsworth family, taking no interest in their concerns, either socially or in a business way. She dealt with both her husband and her husband's father at

arm's length, trusting her husband not at all with her business affairs, and only the father after she had been persuaded that he was a man of his word. She testified that she knew nothing of the pending suit or of the application for the receiver, or that the business was in any other condition than that of an ordinary going concern. While this branch of the case rests largely on the respondent's testimony, a careful reading of it does not disclose anything inconsistent with the truth. There is no direct contradiction; all that is shown is the surrounding circumstances; and since the trial judge, who had the opportunity to observe her demeanor when testifying, found in her favor, we do not feel disposed to disturb his findings.

With the authorities cited by the appellant, we have no quarrel. Unquestionably, they state correct principles of law on the facts as they there appear. In this case, we conclude that the respondent purchased the paper in question for value, and without knowledge of any fraudulent design on the part of the transferers to defraud creditors. Such being the facts, she is entitled to hold it against the claims of the trustee in bankruptcy.

The judgment is affirmed.

Mount, Parker, and Tolman, JJ., concur.